## ARNOLD'S ADMINISTRATORS, FOR USE, *v.* FITZGERALD.

If a vendee fails to pay the amount due and surrenders back the possession of the property, he cannot be compelled to satisfy a judgment which was to have been a part payment for the property.

**Error to the Court of Common Pleas of Armstrong county.**

Opinion delivered March 2d, 1874, by

WILLIAMS, J. These two cases depending on the same facts were tried together under the same instructions, and as the assignments of error are the same in both, the judgments must stand or fall together. The defence set up to the writ of scire facias was, that the judgments were paid and satisfied under the agreement between the parties of the 11th of April, 1860. By this agreement the defendant sold to the plantiff's intestate a tract of land for nineteen hundred dollars, to be paid in the following manner, viz : one thousand and two dollars and seventy-nine cents on the 1st of May; 1860, by entering satisfaction on the judgments in controversy ; one-half of the residue on the 10th of May, 1861, and the remaining half on the 10th of May, 1862. The evidence showed that the decedent took possession of the land and paid one hundred and one dollars of the purchase money ; that the defendant instituted an action of ejectment against him in the common pleas of Armstrong county, and recovered a verdict and judgment for the land to be released on the payment of two thousand and fifteen dollars and seventy-six cents within thirty days from date, with interest. The vendee failed to pay the amount found to be due by the jury, and surrendered possession of the

land to the vendor.   It is clear that his failure to pay the purchase money within the time prescribed by the conditional verdict and judgment operated as a dissolution of the contract, and put an end to all the rights and obilgations of the parties under it: Potts' Appeal, 5 Barr, 501.   The vendor could no longer demand or maintain an action for the unpaid purchase money ;  nor could he compel the vendee to satisfy the judgments if  they were unsatisfied when the recovery was had.   They were not satisfied in fact ;  were they satisfied in law or in equity ?   The agreement to pay a portion of  the purchase money by entering satisfaction on the judgments was *executory*.   Was it performed by the vendee?   If so, when and how ?   The delivery of the possession of the land by the vendor to the vendee was not a performance of the latter's covenant to enter satisfaction on the judgment ; nor was it a satisfaction of the judgments in fact or in law.   Was it then a satisfaction of them in equity ?   Why should it be, if it was not so understood and treated by the parties ?   Why should the vendor, after getting back the land, be entitled to have the judgments satisfied ?   He has no more equity to have a portion of the purchase money paid by a satisfaction of the judgment against him than he had to have the residue paid in money.   By his recovery in the ejectment, he elected to rescind the contract if the vendee did not pay the purchase money within the time limited by the conditional verdict and judgment, and he must abide by his election.   If the judgments were not satisfied when the contract was rescinded, clearly he has no legal or equitable right to have them satisfied now.   The amount of purchase money found to be due by the jury is conclusive that the judgments were not then satisfied.   The plaintiff's fourth and fifth points should therefore have been affirmed.   This view of the case cuts up the defence by the roots, and renders it unnecessary to consider the questions raised by the other assignments of error.

Judgment reversed, and a *venire facias de novo awarded*.

This judgment to be entered by the prothonatary in each case.